# HENRY M. LEVY
## v.
## ALICE LEVY.

1. PROOF OF OFFENSE.—The court is of opinion that the evidence in this case of the commission by defendant, since her marriage, of the offnse charged, is sufficient to establish her guilt.

2. MARRIAGE WITH IMMODEST WOMAN—DIVORCE.—If a man knowingly marry a prostitute upon her promise of reformation, and she commit adultery after the marriage, the husband is entitled to a divorce.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding. Opinion filed April 8, 1885.

Mr. B. M. SHAFFNER, for appellant; cited 1 Bishop on Marriage and Divorce, 179; Baylis v. Baylis, 1 Law Rep. Probate and Divorce.

As to proof of the offense: 2 Bishop on Marriage and Divorce, 626; Stewart on Marriage and Divorce, § 246; Astley v. Astley, 1 Hag. Ec. 720; Williams v. Williams, 1 Hogg. R. 303.

WILSON, P. J. This was a bill in chancery, brought by the appellant against the appellee for a divorce, on the ground of adultery. The defendant's default having been entered, the bill was taken *pro confesso*, and upon an *ex parte* hearing the bill was dismissed at the costs of the complainant for want of equity.

We have carefully considered the evidence tending to prove the commission by the defendant of the offense charged in the bill, since her marriage with the complainant, and without referring to it in detail, we need only say, that, though mainly circumstantial, it is, in our opinion, sufficient to establish the defendant's guilt.

It appears from the bill of exceptions that, previous to the marriage of the parties, the defendant, to the knowl-

Levy v. Levy.

edge of the complainant, was a person of unchaste habits, and that the complainant himself had cohabited with her prior to the marriage, knowing her at the time to be a prostitute, but that he subsequently married her upon her promise to reform. Within a few days after the marriage he discovered that she was unfaithful to her marital obligations, and had committed adultery as charged in the bill.

The court below seems to have entertained the view that having knowingly married an immodest woman, though upon her promise of reformation, the husband can not complain if she be guilty of adultery after the marriage. In this view we are unable to concur. The statute makes the commission of adultery by either party subsequent to the marriage cause for divorce. No exception or reservation is made in favor of or against any particular class of persons. It provides, " that in every case in which a marriage has been, or may hereafter be contracted and solemnized between any two persons, and it shall be adjudged that either party  *  *  *  has committed adultery subsequently to the marriage  *  *  *  it shall be lawful for the injured party to obtain a divorce and dissolution of such marriage contract." The language is of general application, and is not to be limited or extended beyond what its terms plainly import. Two years' habitual drunkenness is also made a statutory cause for divorce, but we think it would hardly be contended that if a woman were to marry an habitual drunkard upon his promise to reform she would be thereby estopped from ever complaining, however much he might offend in that respect subsequently to the marriage. No difference in principle is perceived between such a case and the one in hand.

Aside from the promise of the defendant to reform, the vows at the marriage altar are themselves the most sacred promises that thenceforth, forsaking all others, the parties will lead chaste lives, and be faithful to their marital relations. However mistaken the complainant may have been in believing that, by conferring upon the defendant the honorable condition of wifehood, he would thereby restore her to a life of purity, he had a right to rely upon her promise to be true to

him.   To hold that when she thereafter was found sinning, the complainant is to be forever tied to a woman lost to every sense of decency and gratitude, and whom he had endeavored to clothe with the garment of respectability by making her his wife, is revolting to our sense of justice, and is not sanctioned by any sound rule of law.   In Baylis v. Baylis, Law R. Prob. and Div. Vol 1, it is said:   " Whatever the previous life of a woman may have been, she binds herself to chastity, and if she breaks the conditions of marriage, her husband is entitled to claim its dissolution."   And in 1 Bishop on Mar. and Div., Sec. 179: " In this country, where divorces *a vinculo* are granted for adultery, it is of little consequence whether the marriage of an unreformed prostitute, to a person whom she deceives as to her character, is to be deemed void from the beginning or not, since it would be annulled on proof of the subsequent adultery."   The principle as thus enunciated we think salutary and just, and it is decisive of the present appeal.

The decree of the court below dismissing the bill will be reversed and the cause remanded, with instructions to enter a decree of divorce according to the prayer of the bill.

Judgment accordingly.